**FILED**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 MAY 27 I P 2: 21

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

IN RE:

AGNES E. SOMMERFIELD,

Debtor.

Bankruptcy Case No.
3: 08-07008-PMG

_____

ALLIANCE LAUNDRY SYSTEMS, LLC,

Appellant,

Case No.: 3:09-cv-378-J-32

vs.

AGNES E. SOMMERFIELD

Appellee,

_____/

## APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Appellee, Agnes E. Sommerfield, hereby responds to the Motion for Leave to file Interlocutory Appeal.

## STANDARD FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Interlocutory appeals are governed by 28 U.S.C. § 158 and Bankruptcy Rule 8003. Although this statute and rule provide the procedure for seeking leave to file an interlocutory appeal, the standards for granting leave to file an interlocutory appeal are set forth in case law, most recently by the Southern District in *Garcia-Lawson v. Garland,* 2008 U.S. Dist. Lexis 100124 (Bankr. S.D.Fla. December 1, 2008) where it was stated:

> Interlocutory review is generally disfavored for its piecemeal effect on cases. *United States v. MacDonald*, 435 U.S. 850, 853, 98 S. Ct. 1547, 56 L. Ed.2d 18 (1978); *Prando - Steiman ex rel. Pardo v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000); *Colonial Bank v. Freeman, (In re Pac. Forest*

1760102520603
2121

*Prods. Corp)*, 335 B.R. 910, 919 (S.D. Fla. 2005). Nevertheless, district courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). In exercising that discretion, "a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b). " *Celotex Corp. v AIU Ons. Co (In re Celotex Corp.)*, 187 B.R. 746, 749 (M.D. Fla. 1995) (citing *In re Charter Co.*, 778 F. 2d 617,620 (11th Cir 1985)). " Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Celotex Corp.*, 187 B.R. at 749 (citing 28 U.S.C. §1292 (b)). Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements.

For the court to grant leave to appeal, movant must meet the three requirements set forth above. To apply these requirements to the current case, a brief review of the facts is necessary. The Debtor, Agnes Sommerfield owns and operates a laundromat in Flagler Beach, Florida. (Transcript page 41, line 9) Alliance Laundry Systems, LLC holds a purchase money security interest in the laundry equipment used by the laundromat. The laundromat was originally owned through A1A Laundromat of Flagler Beach, LLC. The name was later changed to A Beachside Laundomat, LLC. (Tr. p 41, l. 17) Thereafter the owner, Agnes Sommerfield, converted the business to a sole proprietorship. (Tr. p. 41, l. 19; exhibit C to Appellant's Motion for Leave to Appeal) After Ms. Sommerfield filled for Chapter 13 bankruptcy reorganization, Alliance Laundry Systems, LLC filed a motion to lift the automatic stay. The bankruptcy court denied the motion, instead granting adequate protection by way of monthly payments. Alliance Laundry Systems, LLC has filed for leave to appeal this order. Alliance Laundry System, LLC. also objected to the confirmation of the Debtor's Chapter 13 Plan, but did not prosecute that objection, and the Debtor's Chapter 13 Plan has been confirmed,

subject to the results of this appeal.

Movant has set forth nine questions which it wishes to present on appeal. Questions one, two and three should be considered as one issue.  Does the debtor have a property interest in the laundry equipment that is collateral for the debt to Alliance Laundry Systems, LLC?  Although this question might meet some of the requirements for leave to file an interlocutory appeal, it does not meet the second requirement.  There is no statutory or case law suggested by appellant which would prevent the appellee from changing the form of her business.  Appellee converted her business from a limited liability company to a sole proprietor.  A sole proprietor owns the equipment. Therefor the debtor has a property interest in the laundry equipment.

Appellant's fourth question misstates the facts and, because it relates to feasibility, is a confirmation issue, not a stay issue.  The appellee moved her laundromat in 2008 so the expense of the buildup of the laundromat caused the 2008 income to be zero.  That does not mean the appellee was not producing any income after the move. (Tr. p 52 l. 21 - p. 53 l. 4).  If the appellee has no income, she cannot make plan payments.  If the plan payments are not made, the plan is subject to dismissal pursuant to 11 U.S.C. § 1307.

Question five appears to say that the appellee agreed that apellant could repossess its equipment notwithstanding apellee's bankruptcy filing.  This issue does not warrant serious discussion.

Question six claims that appellant should be entitled to lift the stay because, according to appellant, appellee seriously undervalued appellant's collateral in her

schedules. This is a novel theory with no support in the case law. Valuing collateral is governed by 11 U.S.C. § 506, not 11 U.S.C. § 362.

Question seven deals with the risk of damage or danger to the equipment by not lifting the stay. The Appellant's own witness testified that " Agnes and Joyce do a wonderful job of keeping their laundry in very great -- very good shape. It's - as far as I'm concerned, the machines look like they did the day they came out of the box." (Tr. p. 27, l.23 - p.28 ,l.2). There was no evidence before the court that the appellee's collateral was in any risk.

Question 8, the issue of bad faith, is a confirmation issue, and is best dealt with at confirmation. The court must find that a debtor's plan is filed in good faith to confirm the plan. 11 U.S.C. § 1325 (a)(3) The appellee's plan has been confirmed.

Question nine does not raise any legal issues but states the relief sought by appellant.

In conclusion, the only significant issue raised by appellant is whether appellee had an ownership interest in the laundry equipment that is collateral for appellant's debt. The equipment belongs to appellee unless the law prohibits her conversion of her LLC into a sole proprietorship. The position taken by the appellant, that an LLC cannot convert to a sole proprietorship, appears to be a novel position. Appellee is unable to find any case law addressing this issue. Appellee is only able to offer common sense, that is, if one is free to incorporate or to form an LLC for one's business, one would be presumed to be able to "unincorporate" this business so that one could return to being a

sole proprietorship.

Therefore, the issue raised by appellant is not one "over which there is substantial ground for difference among courts" and the Motion for Leave to File an Interlocutory Appeal should be denied.

Respectfully submitted,

Edward P. Jackson
Edward P. Jackson, P.A.
Attorney for Appellee
255. N. Liberty St.
Jacksonville, Fl 32202
(904) 358-1952
Fla. Bar # 286648

I hereby certify that a copy of the foregoing was served on Marian Kennady, attorney for appellant, at 355 Alhambra Circle, Suite 1250, Coral Gables, Florida 33134, by U.S. Mail this 27th day of May, 2009.

Edward P. Jackson