**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:
    AGNES E. SOMMERFIELD,          Bankruptcy Case No. 3:08-07008-PMG

          Debtor.
_____

ALLIANCE LAUNDRY SYSTEMS, LLC,

          Appellant,

vs.                                                Case No. 3:09-cv-378-J-32

AGNES E. SOMMERFIELD,

          Appellee.
_____

**ORDER DENYING MOTION FOR LEAVE TO APPEAL**[1]

This case is before the Court on appellant Alliance Laundry Systems, LLC's ("Alliance") Motion for Leave to Appeal (Doc. 1) an Order in this Chapter 13 case. Appellee and debtor Agnes E. Sommerfield ("Sommerfield") filed a response in opposition (Doc. 4) and the Court permitted both sides to file replies (Docs. 9, 10).

A district court may grant leave to appeal an interlocutory order issued by a bankruptcy court pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8003.[2] Because

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2]While there is sometimes a question as to whether orders issued by a bankruptcy court are final or interlocutory, see, e.g., In re Charter Co., 778 F.2d 617, 621-22 (11th Cir. 1985 (analyzing whether bankruptcy order was final or interlocutory), Alliance apparently concedes the order it seeks leave to appeal is interlocutory (see reply brief, Doc. 9 at 2) and the Court therefore treats this as a motion subject to the standard for considering discretionary

piecemeal review is generally disfavored, to secure such leave, an appellant must demonstrate that (1) the order being appealed "presents a controlling issue of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." In re Celotex Corp., 187 B.R. 746 , 749 (M.D. Fla. 1995); see also In re Charter, 778 F.2d at 620.

Alliance seeks leave to appeal an Order of the Bankruptcy Court dated March 19, 2009 which denied Alliance's motion for relief from stay and further determined that Alliance holds a valid lien encumbering certain assets (laundry equipment) in which Sommerfield has an interest such that Alliance is due certain monthly protection payments. See Doc. 1 at attachment 4. Alliance lists several issues which it believes should be addressed by an appeal and gives several reasons why leave to appeal should be granted. Most of these are interrelated and seem to essentially flow from the bankruptcy court's determination that Sommerfield holds an interest in the laundry equipment such that the equipment is properly included as property of Sommerfield's Chapter 13 estate, and second, that Alliance's interest in the equipment is adequately protected by the Court- ordered payment plan.

Having reviewed the parties' papers, relevant portions of the bankruptcy proceedings, and pertinent caselaw[3], the Court does not find that any of the issues Alliance raises meet

---

interlocutory appeals.

[3]The Court reviewed cases cited by the parties and a number of others produced by its own research which discussed the interests in property originally belonging to a limited liability company. No case has been found which would lead the Court to find a "substantial ground for difference of opinion" with the determination reached by the Bankruptcy Judge

all three prongs of the above stated standard for granting leave to file an interlocutory appeal. Alliance's motion for leave to appeal is therefore **DENIED**. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of July, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Hon. Paul M. Glenn
Chief United States Bankruptcy Judge

counsel of record

---

on this issue such that an interlocutory appeal should be entertained. However, in ruling on the motion for leave to take an interlocutory appeal, the Court is not required to (and does not) actually decide this issue.